# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Steven Benjamin Pittman,

          Petitioner,

v.

Dora B. Schriro,

          Respondent.

CV 07-1914 PHX-MHM (JM)

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Steven Benjamin Pittman's Petition for Writ of Habeas Corpus. (Docket No. 1). In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. Respondent filed her answer on January 17, 2008. (Docket No. 9). Petitioner filed a reply on April 4, 2008 (Docket No. 13). As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 13, 1999, the State filed an indictment in Maricopa County Superior Court charging Petitioner with one count of first degree murder, under the felony murder doctrine, alleging that the murder occurred during the commission of a burglary. (Ex. A at 1).[1] On July 14, 2000, Petitioner was convicted (Ex. B) and on August 24, 2000, he was sentenced to life in prison with no possibility of release for 25 years. (Ex. C at 11).

Petitioner filed a timely notice of appeal on September 8, 2000. (Ex. D). On October 23, 2001 the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. (Ex.

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Writ of Habeas Corpus.

E at 36). On December 10, 2001, Petitioner filed a Petition for Review (Ex. F at 37-44) and on September 24, 2002, the Arizona Supreme Court denied the Petition (Ex F at 45).

### A. Petition for Post-Conviction Relief

While the Petition to Review was still pending with the Arizona Supreme Court, Petitioner constructively filed his Notice of Post-Conviction Relief in Maricopa County Superior Court on February 25, 2002. (Ex. G). On November 8, 2002, Petitioner constructively filed his Rule 32 Petition (Ex. L) and the Petition was dismissed on June 4, 2003. (Ex. R). Thereafter, Petitioner filed various motions for reconsideration (Ex. S, U, Y, AA, DD, HH and LL). On December 6, 2004, the Petition was ultimately dismissed (Ex. OO) and on that same date, Petitioner filed a Petition for Review in the Arizona Court of Appeals. (Ex. PP). On February 21, 2005, Petitioner constructively filed a "Delayed Motion for Reconsideration." (Ex. RR). The pleading was treated by the Court of Appeals as a "petition for review from the trial court's denial of post-conviction relief" and denied on November 8, 2005. (Ex. SS). Petitioner did not file a petition for review with the Arizona Supreme Court on or before the due date of December 13, 2005, so the case was closed on December 27, 2005. (Ex. TT at 362).

On October 3, 2006, Petitioner attempted to file a "Delayed Motion for Reconsideration." (Ex. TT). Finding that the Rules of Criminal Procedure prohibited the filing of a motion for reconsideration of an order denying a petition for review, the Court of Appeals ordered that the motion not be filed. (*Id.*).

### B. The Pending 2254 Petition

On October 3, 2007, Petitioner filed the instant Petition which alleges the following bases for relief:

> **Ground One:** Trial Court erred in failing to give the jury a correct statement of the law. But allowed the state to make a misstatement of the law. Fourth, Fifth and Fourteenth Amendments where violated. Also the Sixth amendment violated.
>
> **Ground Two:** Indictment never being authorized by Grand Juror, Incorrect Jury instruction. Fourth, Ninth, Tenth,

2

amendments violated. Prosecution never used original evidence at trial and didn't disclose all evidence to court and defense.

**Ground Three:** Falsified Document's [sic], Perjury by arresting officer violating of due process, amended indictment never giving by Grand Jury. Fourth, 5th 6th amendment's violated.

**Ground Four:** Not being placed on notice and denied hearing on Indictment the State amending and serving a indictment to defendant a year without indictment being from Grand Jury. The Trial Court allowed dismissal of panel by the state who expressed that they'll only convict shooter this left 13 jurors who didn't raise hand. Fourth, Fifth, Sixth amendments were violated.

(Docket No. 1.)

## II. LEGAL DISCUSSION

### A. The petition is not timely under the AEDPA.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus must be filed within the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2241(d)(1). The one year limitations period begins to run from the date the judgment of conviction became final in state court or the expiration of the time available to seek direct review. 28 U.S.C. § 2241(d)(1)(A). When a petitioner challenges a state court conviction based on a federal question, then the process of direct review includes the 90 days during which a person can file a petition for certiorari in the United States Supreme Court. *Bowen v. Roe*, 188 F3d 1157, 1159 (9th Cir. 1999). The running of the one-year limitations period is tolled during the time which a properly filed application for post-conviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

Here, the Arizona Supreme Court denied Petitioner's Petition to Review on September 24, 2002. His conviction became final 90 days later, on December 23, 2002. Absent tolling, Petitioner was required to file his federal habeas petition on or before December 23, 2003. The limitations period, however, was tolled from February 25, 2002, the day Petitioner filed his Notice of Post-Conviction Relief in Maricopa County Superior Court, until November

8, 2005, the day the Court of Appeals denied Petitioner's petition for review from the trial court's denial of post-conviction relief. The one year limitations period expired a year later, on November 8, 2006 and Petitioner filed this Petition on October 3, 2007, 329 days *after* the limitations period expired. Thus, the instant petition is untimely, unless Petitioner can establish equitable tolling.

### B. The petition does not qualify for equitable tolling.

The Ninth Circuit has recognized that the AEDPA's statute of limitations is subject to equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). Equitable tolling is applicable only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is justified in few cases: "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Id.*

Here, Petitioner does not challenge Respondent's assertion that his habeas petition was not timely filed. He does explain, however, that his Petition was not timely because he was a layman of the law and could not understand "this quote and time frame thing." (Docket 1 at 11.) The "quote and time frame thing" he refers to is item 16 of his Petition where he is asked to explain why the one-year statute of limitations should not bar the petition he filed more than a year after his judgment of conviction became final. (*Id.*) In his Reply, Petitioner again refers to himself as a layman of the law and not being represented by counsel. (Docket 13).

The Ninth Circuit has held that a petitioner's lack of legal sophistication is not, by itself, an extraordinary measure warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (Raspberry was unable to correctly calculate a limitations period.) Other circuits have made similar findings. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (Ignorance of the law is not a basis for equitable tolling, even in the case of an unrepresented prisoner.); *Accord Felder v. Johson*, 204 F.3d 168, 171-72 n. 10 (5th Cir. 2000); and *Marsh v. Soares*, 223 F.3d. 1217, 1220 (10th Cir.2000). As such, Petitioner is not

entitled to statutory or equitable tolling and his habeas petition must be dismissed because it is time-barred.

**III. RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed October 5, 2007 [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(a) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-1914-PHX-MHM.**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).DATED this 8th day of October, 2009.

Jacqueline Marshall
United States Magistrate Judge