**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Benjamin Pittman, ) | No. CV 07-1914-PHX-MHM (JJM) |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 on October 3, 2007. (Dkt. # 1.) The matter was referred to United States Magistrate Judge Jacqueline Marshall, who issued a Report and Recommendation recommending that the Court deny and dismiss the Petition for Writ of Habeas Corpus with prejudice. (Dkt. # 17.) Petitioner filed a written objection to the Report and Recommendation. (Dkt. # 18.)

## I. BACKGROUND

Petitioner, Steven Benjamin Pittman, was indicted in Maricopa County Superior Court for one count of first degree murder, under the felony murder doctrine, alleging that the murder occurred during the commission of a burglary. (Dkt. # 9, Exh. A.) On July 14, 2000, Petitioner was convicted (Dkt. # 9, Exh. B), and on August 24, 2000, he was sentenced to life in prison with no possibility of release for 25 years (Dkt. # 9, Exh. C).

/ / /

**A. Appeal of Conviction**

Petitioner filed a timely notice of appeal on September 8, 2000. (Dkt. # 9, Exh. D.) The Arizona Court of Appeals affirmed Petitioner's conviction and sentence (Dkt. # 9, Exh. E), and Petitioner then filed a Petition for Review (Dkt. # 9, Exh. F). The Arizona Supreme Court denied the Petition on September 24, 2002. (Dkt. # 9, Exh. F.)

**B. Petition for Post-Conviction Relief**

Petitioner filed a Notice of Post-Conviction Relief (Dkt. # 9, Exh. G), and subsequently filed a Rule 32 Petition (Dkt. # 9, Exh. L). The petition was dismissed on June 4, 2003. (Dkt. # 9, Exh. R.) Petitioner then filed various motions for reconsideration. (Dkt. # 9, Exh. S, U, Y, AA, DD, HH and LL.) The petition was ultimately dismissed (Dkt. # 9, Exh. OO), and Petitioner filed a Petition for Review in the Arizona Court of Appeals on December 6, 2004. Petitioner then filed a "Delayed Motion for Reconsideration," which was treated by the Court of Appeals as a "petition for review from the trial court's denial of post-conviction relief." The petition was denied by that court on November 8, 2005. (Dkt. # 9, Exh. SS.) Petitioner's case was closed on December 27, 2005 because Petitioner did not file a petition for review with the Arizona Supreme Court on or before the due date of December 13, 2005. (Dkt. # 9, Exh. TT.)

Petitioner attempted to file a "Delayed Motion for Reconsideration" on October 3, 2006. (Dkt. # 9, Exh. TT.) However, the Arizona Court of Appeals ordered that the motion not be filed because the Rules of Criminal Procedure prohibited the filing of a motion for reconsideration of an order denying a petition for review. (Dkt. # 9, Exh. TT.)

**II. STANDARD OF REVIEW**

The Court reviews, *de novo*, the Magistrate Judge's proposed findings and recommendations to which objections are filed. See 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "Failure to object to a Magistrate Judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000); Thomas v. Arn, 474 U.S.

140, 149 (1985) (district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection"). A district court has authority to accept, reject, or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C).

**III. DISCUSSION**

Habeas Corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241.

In his petition, Petitioner asserts that: (1) the trial court erred in failing to give the jury a correct statement of the law (Fourth, Fifth, Sixth, and Fourteenth Amendments were violated); (2) the indictment was never authorized, an incorrect jury instruction was provided, the prosecution did not use original evidence at trial and did not disclose all evidence to the court and defense (Fourth, Ninth, and Tenth Amendments were violated); (3) documents were falsified, the arresting officer committed perjury which violated due process, and the amended indictment was never given by the Grand Jury (Fourth, Fifth, and Sixth Amendments were violated); and (4) he was not placed on notice, he was denied a hearing on the indictment, and the trial court allowed dismissal of jurors who would only convict the actual shooter (Fourth, Fifth, and Sixth Amendments were violated). (Dkt. # 1.) Magistrate Judge Jacqueline Marshall issued a Report and Recommendation in which she recommends Petitioner's habeas petition be denied and dismissed with prejudice because it is time-barred. (Dkt. # 17.) Petitioner objects to the findings that: (1) the petition is not timely, and (2) the petition does not qualify for equitable tolling.

**A. One-year Limitation (Objection One)**

A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The limitation period begins to run on (1) the date on which the judgment became final by the conclusion of direct review, or (2) the expiration of the time for seeking such review, whichever is later. 28 U.S.C. § 2244(d). The period of direct review includes the 90 days during "which a person can file a petition for a writ

1  of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Rice, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period is tolled while a properly filed application for post-conviction relief or other collateral review is pending in State court. 28 U.S.C. § 2244(d)(2); see Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review.").

The Court finds that Petitioner did not file a timely petition. Petitioner's Petition for Review was denied on September 24, 2002 (Dkt. # 9, Exh. F), and his conviction became final 90 days later on December 23, 2002. The one-year limitation period was tolled on February 25, 2002, when Petitioner filed his Notice of Post-Conviction Relief. (Dkt. # 9, Exh. G.) The tolling period ended when the Arizona Court of Appeals denied Petitioner's petition for review on November 8, 2005. (Dkt. # 9, Exh. SS.) While Petitioner *attempted* to file a "Delayed Motion for Reconsideration" on October 3, 2006, the Arizona Court of Appeals denied the filing because it was not contemplated by the Rules of Criminal Procedure. (Dkt. # 9, Exh. TT.) Therefore, the one-year limitation period expired on November 8, 2006. Petitioner filed his Petition for Writ of Habeas Corpus on October 3, 2007. (Dkt. # 1.) Accordingly, the Court finds that Petitioner did not file a timely petition.

**B. Equitable Tolling (Objection Two)**

The one-year statute of limitations is subject to equitable tolling. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006). Equitable tolling is "appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations and internal quotations omitted). "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Id.

- 4 -

Petitioner argues that equitable tolling applies in this case because Arizona courts are experiencing a backlog, Petitioner has only restricted access to legal materials, and "timely court access is beyond Petitioner's control and due to no fault of his own." (Dkt. # 18.) Petitioner also cites Bateman v. U.S. Postal Service, 231 F.3d 1220 (9th Cir. 2000), to argue that his failure to timely file his petition is "excusable neglect" because Arizona's Department of Corrections has not provided a law library, research time schedule, or current court rulings which is in violation of Lewis v. Casey, 518 U.S. 343 (1996).

The Court finds that Petitioner has not shown extraordinary circumstances that warrant equitable tolling. Petitioner's argument that a backlog in Arizona's courts contributed to his untimeliness is without merit. The one-year limitation is tolled while post-conviction relief is pending, thereby preventing any potential harm caused by a backlog. The Court is also not persuaded that Petitioner's argument was untimely because of any lack of legal materials. Prisoners also do not have an abstract "freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343 at 351 (1996). The form that Petitioner submitted as his petition provides a summary of the one-year limitation period. (Dkt. # 1.) Petitioner does not allege that the form was unavailable. Instead, Petitioner explains that a paralegal provides the form upon request in writing. (Dkt. # 18.) If the form was available to Petitioner, but he was unable to calculate or comprehend the one-year limitation period, equitable tolling would not be warranted. A "petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Accordingly, the Court finds that Petitioner has not shown extraordinary circumstances that warrant equitable tolling.

## IV. CONCLUSION

The Court agrees with the Magistrate Judge's determination that the claims in Petitioner's habeas petition are time-barred.

/ / /

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation in its entirety as the Order of the Court. (Dkt. # 17)

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied and dismissed. (Dkt. # 1)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 23rd day of November, 2009.

_____
Mary H. Murguia
United States District Judge